# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES BORRELLI, et al.,

              Plaintiffs

    v.

REILLY TOWNSHIP, et al.,

              Defendants

CIVIL ACTION NO. 3:13-CV-00735

(MANNION, D.J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a *pro se* civil rights action, brought by plaintiffs Charles and Kimberly Borrelli on behalf of themselves and their minor children, K.B., M.B., and C.B.,[1] alleging a myriad of claims against defendants Reilly Township and a number of its public officials and employees. On March 21, 2013, the Plaintiffs filed a 102-page, 25-count complaint with the Court. (Doc. 1). That same day, the Clerk issued a summons to the Plaintiffs to facilitate service upon the Defendants in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (Doc. 2).

On October 3, 2013, more than ten weeks after the 120-day period expired, the Court entered an Order to Show Cause, admonishing the Plaintiffs that the action would be dismissed

---

[1] Although this Court does not reach the issue, instead recommending dismissal of this case on other grounds, the Plaintiffs should be mindful, in the event that they opt to resume pursuit of their legal claims at a later time, that a *pro se* (or non-lawyer) parent cannot represent his or her children in place of an attorney in federal court. *See generally Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991) (outlining options for pursuit of legal claims by children in federal court); *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 401 (W.D. Pa. 2012) (same). Any future efforts to litigate these claims in federal court should reflect this understanding.

if the Plaintiffs did not show good cause within ten days why service had not been made within the 120-day period previously ordered. (Doc. 5). On October 13, 2013, the adult Plaintiffs filed identical motions in which they each claimed that service of the summons and complaint had been delayed due to the Defendants' refusal to waive service, the impact of Superstorm Sandy,[2] a poorly timed print toner shortage at the Borelli residence, self-admitted absent-mindedness, and routine delays in the Plaintiffs' receipt of mail, and they each requested a further extension of thirty days in which to serve the Defendants. (Doc. 6; Doc. 7).

On October 17, 2013, the Court entered an Order granting the Plaintiffs' motion for an extension, directing them to serve the summons and complaint upon the Defendants on or before November 18, 2013. (Doc. 8). The Order of October 17, 2013 advised the Plaintiffs that no further extensions of time would be granted, and it admonished the Plaintiffs that the action would be recommended for dismissal if service was not completed within that timeframe. (Doc. 8). As of this date, no proof of service had been filed.

On November 22, 2013, the undersigned Magistrate Judge issued a Report and Recommendation (Doc. 9) recommending that Plaintiffs' Complaint be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Immediately upon docketing of the Report and Recommendation, Plaintiff Charles Borrelli wrote to the undersigned explaining that he had served the Defendants and would be filing proof of the same with the Court. (Doc. 10). On December 6, 2013, Plaintiffs Charles and Kimberly Borrelli filed a Motion for Reconsideration

---

[2] Hurricane Sandy made landfall in New Jersey in October 2012, nearly six months before the Plaintiffs filed their complaint in this action. Based the Plaintiffs' representations, it appears that Mr. Borelli was extensively engaged in a time-consuming recovery and restoration effort on behalf of his disabled sister, whose home was severely damaged. The first repair funds were not received from FEMA until April 2013, and restoration of her home was not completed until September 2013.

(Doc. 11) asking the Court to reconsider its Report and Recommendation recommending dismissal of the complaint for failure to serve the Defendants. Plaintiffs assert that service was effectuated on Defendants Huntzinger, Stewart and Tobin by leaving a copy of the complaint on each of their door steps. (Doc. 11). They further assert that they served Defendants Kehoe and Alfred Benesch & Company by delivering the complaint to the secretary at Alfred Benesch & Company. Finally, they assert that Reilly Township was served, "along with all the township police officers, and all the township supervisors," by leaving a copy of the complaint at the front door of township attorney's office. (Doc. 11). Plaintiffs did not attach any proof of service to their Motion for Reconsideration, and to date, no proof of service has been filed with the Court.[3]

## II.   DISCUSSION

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *Sibio v. Borough of Dunmore*, 2007 WL 1173769 (M.D.Pa.2007) (Caputo, J.). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and

---

[3] Additionally, Plaintiffs' Motion is unsigned. Federal Rule of Civil Procedure provides, in pertinent part, that "Every … written motion … shall be signed by at least one attorney of record… or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a).

disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002) (McClure, J.) (internal citations omitted).

Plaintiffs are not asserting that there has been any intervening change in the controlling law that would require the Court to reconsider its recommendation, but they do submit that new evidence not available previously, i.e. their unsupported allegations that service was made, requires reconsideration. Specifically, Plaintiffs submit that the Court should reconsider its recommendation that the Complaint be dismissed because they claim to have served the Defendants in a timely fashion. However, Plaintiffs have failed to file any proof of service with the Court, despite asserting that they would do so on November 22, 2013 (Doc. 10) and again on December 6, 2013 (Doc. 11). Although failure to make proof of service does not affect the validity of service, in this matter proof of service is necessary to determine whether service actually was made. *See* § 1130 Return of Service, 4B Fed. Prac. & Proc. Civ. § 1130 (3d ed.) Based upon Plaintiffs' motion alone, it appears that, despite assertions to the contrary, service was not effectuated upon a number of the Defendants in the manner required under Federal Rule of Civil Procedure 4(e), (h) and (j).[4]

---

[4] Leaving a copy of a complaint on an individual's doorstep is not effective service under the Federal or Pennsylvania Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e); Pa. R. Civ. P. 402; *see also Thomas v. Bonanno*, 2013 WL 3958772 (D.V.I. July 30, 2013) (Rule 4(e) simply does not countenance service on an individual … by leaving process on a doorstep). A local government may be served by "delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2). Similarly to service upon individuals, the Federal and Pennsylvania Rules of Civil Procedure do not consider leaving process on a doorstep to be valid service, and a Township Solicitor is not necessarily considered chief executive officer of a municipality. Finally, a corporation may be served by in the manner described for service upon individuals or by delivering a copy of the complaint to an officer, a managing or general agent or to any other

## III. CONCLUSION

For the forgoing reasons, Plaintiffs' Motion for Reconsideration (Doc. 11) is **DENIED**.

An appropriate Order follows.

BY THE COURT:

Dated: December 12, 2013        *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

agent authorized by appointment or law to receive service of process…. Fed. R. Civ. P. 4(h)(in pertinent part). Although based on the allegations in Plaintiffs' motion, it may be that they properly served Defendants Kehoe and Alfred Benesch & Company, it is impossible for the Court to determine this without having the opportunity to review any proof of service.