UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES BORRELLI, et al.,            :

    Plaintiffs                              :     CIVIL ACTION NO. 3:13-0735

    v.                                          :     (MANNION, D.J.)
                                               (MEHALCHICK, M.J.)

REILLY TOWNSHIP, et al.,              :

    Defendants                           :

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Karoline Mehalchick which recommends that the plaintiffs' complaint be dismissed, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 9). The plaintiffs have failed to file any objections to Judge Mehalchick's report. Based upon the court's review of the record, the report will be adopted in its entirety.

By way of relevant background, on March 23, 2013, the plaintiffs filed this *pro se* civil rights action on behalf of themselves and their three minor children[1] alleging a number of claims against Reilly Township and various of

---

[1] As noted by Judge Mehalchick, it is well-established in the Third Circuit that the right to proceed *pro se* in federal court does not give non-lawyer parents, such as the plaintiffs, the right to represent their children in proceedings before a federal court. See J.R. v. Lehigh Cnty., 534 Fed. App'x 104, 108 (3d Cir. 2013) *cert. denied*, 134 S. Ct. 1791, 188 L. Ed. 2d 761 (U.S. 2014) (citing Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)). The plaintiffs are advised of this for purposes of any future litigation.

its public officials and employees, as well as other individuals[2]. (Doc. 1). That same day, summonses were provided to the plaintiffs for service on the defendants in a manner provided by Rule 4 of the Federal Rules of Civil Procedure. (Doc. 2).

By order dated March 26, 2013, the court directed the plaintiffs to serve the summonses and a copy of the complaint upon the defendants within 120 days in accordance with the Federal Rules of Civil Procedure or obtain waivers of service from those defendants subject to the waiver provision. (Doc. 3). The plaintiffs were directed to file returns of service within the 120 day period.

When the plaintiffs failed to comply with the court's March 26, 2013, order, an order to show cause was issued on October 3, 2013, directing the plaintiffs to show cause why service had not been made. (Doc. 5). The plaintiffs were advised that their failure to respond to the show cause order would result in their action being dismissed without prejudice.

On October 13, 2013, each of the adult plaintiffs filed a motion for extension of time claiming that service of the summonses had been delayed for a number of reasons, including the defendants' refusal to waiver service,

---

[2]The named defendants include Reilly Township, Officer Joe Wenner, Officer John Zuratt, Robert Butensky, William Sommer (apparently incorrectly identified by the plaintiffs as Wolfgang Sommer, See Doc. 14), Gerald Devine, Brian Pyle, Diane Huntzinger, Jane Doe 1-5, John Doe 1-5, Randy Stewart, Jodi Tobin, Kyle Kehoe, and Alfred Benesch & Co.

2

the impact of Superstorm Sandy, a print toner shortage at their residence, absent-mindedness, and delays in the receipt of their mail. (Doc. 6, Doc. 7). The court granted the plaintiffs' motions for extension by order dated October 17, 2013, directing the plaintiffs to serve the summonses and a copy of the complaint upon the defendants on or before November 18, 2013. (Doc. 8). The plaintiffs were advised that no further extensions of time would be granted and that it would be recommended that the action be dismissed if service was not made within the allotted time.

On November 22, 2013, Judge Mehalchick issued the instant report in which she indicates that, despite the previous orders of court, the plaintiffs failed to file proofs of proper service. (Doc. 9). As a result, she recommended that the plaintiffs' action be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

On December 6, 2013, the plaintiffs filed a motion for reconsideration of Judge Mehalchick's report, but still failed to attach any proof of proper service. (Doc. 11). By order dated December 12, 2013, Judge Mehalchick denied the plaintiffs' motion for reconsideration. (Doc. 12).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v.

<u>Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. <u>28 U.S.C. §636(b)(1)</u>; Local Rule 72.31.

The court has reviewed the recommended basis for dismissal of the plaintiffs' complaint presented by Judge Mehalchick. Because the court agrees with the sound reasoning that led Judge Mehalchick to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety[3]. An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

**DATED: July 24, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0735-01.wpd

---

[3]The court notes that on January 10, 2014, a letter was received in chambers from the law firm of Siana, Bellwoar & McAndrew, LLP, in which Attorney Sheryl L. Brown indicated that the firm anticipated representing defendants Reilly Township, Robert Butensky, Gerald Devine, William Sommer, Bryan Pyle, John Zuratt, Joseph Wenner, Alfred Benesch Co. and Kyle Kehoe in the matter. (Doc. <u>14</u>). Although the plaintiffs had not yet properly served these defendants, Attorney Brown indicated that these defendants may be willing to waive service of the plaintiffs' complaint upon receipt of the appropriate waiver forms and a copy of the complaint. As the dismissal of the plaintiffs' complaint is without prejudice, the plaintiffs may want to keep in mind Attorney Brown's correspondence.